JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LORI S. MOTT, et al., on behalf of themselves and all others similarly situated | DRIVELINE RETAIL MERCHANDISING INC. |
| **(b)** County of Residence of First Listed Plaintiff  Camden County, N.J.<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  Chester County, PA<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Ralph A. Powell, Esquire, RALPH A. POWELL ESQUIRE P.C., 526 Pineville Road, Newtown, PA 18940, 215-439-7781 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 201 et seq.
Brief description of cause:
Plaintiffs are or were hourly employees of Defendant who worked hours for which they were not paid by Defendant

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PAUL, REICH & MYERS, P.C.
Richard P. Myers, Esq.
Suite 500, 1608 Walnut Street,
Philadelphia, PA  19103
215-735- 9200

RALPH A. POWELL ESQUIRE, P.C.
Ralph A. Powell, Esq.
1900 Knight Circle
Yardley, PA  19067
215-439-7781

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI S. MOTT, VICTORIA BATES, SANDRA CHILANO, JANET CLOUTIER, CYNTHIA COTTEN, SUSAN GIBBS, JERVONNE HAITH, SUSAN MOORE, HOWARD DARNELL PATTERSON and JUDY RATLIFF, on behalf of themselves and all others similarly situated, | CIVIL ACTION |
| Plaintiffs, | No. |
| v. | COMPLAINT |
| DRIVELINE RETAIL MERCHANDISING INC., a Corporation, | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiffs, by and through their attorneys, Richard P. Myers, Esquire and Ralph A. Powell, Esquire hereby file this Complaint against Defendants Driveline Retail Merchandising, Inc., ("Defendant"), on behalf of themselves and all others similarly situated, pursuant to Section 216(b) of the *Fair Labor Standards Act* ("FLSA" or "the Act"), and for their cause of action state as follows:

1

## THE PARTIES - PLAINTIFFS

1. Plaintiffs are or were employed by Defendants as hourly-paid full-time and part-time "Merchandisers" and "Resetters" and called on Defendant's clients in seventeen (17) different states. In **EXHIBIT 1**, Plaintiffs are identified by name, address, state of domicile, job classification, full-time or part-time, hourly wage, and dates of employment with Defendant.

2. Plaintiffs have suffered damages based on policies and/or practices intentionally instituted by Defendant in violation of the FLSA.

3. The class members include all employees of Defendant who are or were classified as hourly-paid full and part-time "Merchandisers," "Master Merchandisers," and "Resetters" who have been, continue to be, or may in the future be, adversely affected by Defendant's violations of the FLSA.

## THE PARTIES - DEFENDANT

4. Defendant is engaged in the business of providing in-store marketing and retail merchandising services to a variety of consumer products companies including Dollar General Corporation, Family Dollar Stores, Inc., Kohl's Corporation, Walmart, Sam's Club, Kmart Corporation, Sears, and Giant Foods. Defendant provide its customers with services that include in-store merchandising, and supply chain optimization services at supermarkets, convenience stores, and drug stores, along with other specialty trade channels.

5. Plaintiffs believe, and therefore aver, that Defendant has offices throughout the United States to support their retail marketing business, with one such office being located at 301 Lindenwood Drive, Suite 380, Malvern, Pennsylvania 19355. Defendant is a New Jersey

Corporation and its principal place of business is located at 1141 East 1500 North Road, Taylorville, Illinois 62568.

## JURISDICTION AND VENUE

6. This action is brought pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically the collective action provision of the Act found at § 216(b), to remedy violations of the FLSA by Defendant that denied Plaintiffs, as well as those similarly situated, of their lawful wages.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is duly licensed to do business in the Commonwealth of Pennsylvania, is actively conducting business in Chester County, Pennsylvania, and acts or omissions by Defendant giving rise to the instant Complaint took place in Philadelphia County, Bucks County, and Chester County in Pennsylvania.

## GENERAL ALLEGATIONS

8. At all times material to this action, the named Plaintiffs were "employees" of Defendant as defined by § 203 of the FLSA, and worked for Defendant in the United States within three years preceding the filing of the instant Complaint.

9. The wage and overtime provisions of the FLSA, as set forth in §§ 206 and 207 of the Act respectively, apply to Defendant.  Plaintiffs, as well as all those similarly situated, were covered by §§ 206 and 207 of the Act while employed on an hourly basis by Defendant.

10. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(f)(1) of the FLSA, and, based on knowledge, information, and belief, had annual gross sales that greatly exceeded

$500,000.

11. At all times material to this action, Plaintiffs, as well as those similarly situated, were engaged in commerce.

12. All Plaintiffs worked more than forty hours during numerous workweeks while employed by Defendant for which they were not fully compensated and/or for which they were improperly paid at rates less than the minimum wage and less than one and one-half times their normal hourly rates.

13. As set forth more fully below, Defendant instituted policies and/or practices to unlawfully avoid the wage and overtime provisions of the FLSA, and thereby willfully denied Plaintiffs straight-time and overtime wages to which they were entitled.

14. More particularly, at all relevant times hereto, Plaintiffs were employed by Defendant and classified as full or part-time "Merchandisers," "Master Merchandisers," and "Resetters."

15. Plaintiffs were paid an hourly wage by Defendant that ranged between a low of $8.00 per hour to a high of $10.34 per hour.

16. Plaintiffs called on Defendant's clients in seventeen (17) different states.

17. Defendant willfully acted in violation of the FLSA by instituting polices and/or practices that deprived Plaintiffs of their lawful wages as follows:

   a. Plaintiffs were required to begin their workday by connecting to Defendant's website from home on their own personal computer. After logging on, Plaintiffs answered and responded to email messages, received work instructions for each day from the website, including instructions about driving to a particular store or stores, and instructions about what to do while at the store or stores.

   b. Plaintiffs received and stored in their homes displays and other marketing materials sent to them by Defendant. Plaintiffs loaded these materials into their personal automobiles each day based on instructions from Defendant and transported these

        materials to the store calls they were assigned to make.  Plaintiffs also removed old or outdated marketing materials and displays during their assigned store calls and returned these materials to their homes for disposal or return to Defendant.

    c. The tasks Plaintiffs were required to perform from home at the beginning of the day typically took from one-half hour to two hours to accomplish.  Defendant did not pay Plaintiffs at all for the time they spent performing required tasks from home at the beginning of the day.

    d. After completing their assigned tasks at the beginning of the day, Plaintiffs drove in their own personal vehicles to a different store or group of stores each day or week that they worked.  Defendant did not pay Plaintiffs wages or a mileage allowance for the time they spent driving from home to their first assignment of the day.

    e. Defendant did not pay Plaintiffs wages or a mileage allowance for the time they spent traveling between their assigned store calls each day.

    f. After completing their last assigned store call of the day, Plaintiffs were required to return home and once again log onto Defendant's website.  Even though Plaintiffs were required to perform more work on Defendant's behalf after they arrived home, Defendant did not pay Plaintiffs wages or a mileage allowance for the time they spent driving from their last call of the day to home.

    g. After arriving home each workday, Defendant required Plaintiffs to report what had occurred during the store calls that Plaintiffs made.  These tasks at the end of the day typically took from one to two hours or more to perform.

    h. Defendant did not pay Plaintiffs at all for the time they spent performing tasks at the end of the day.

    i. Defendant denied pay to Plaintiffs for an average of twenty-six (26) hours per week that they performed work on Defendant's behalf.  Plaintiffs lost an average of $244.13 per week in straight-time wages as a result.

    j. Defendant paid Plaintiffs an average of $5.32 per hour for all work that Plaintiffs performed on Defendants' behalf.

18. Plaintiffs, as well as all others similarly situated, were subject to the policies and/or practices of Defendant as set forth above.

19. Pursuant to Defendant's policies and/or practices, including those detailed in paragraph 17 above, Defendant failed to pay Plaintiffs wages for all hours they actually worked and/or the required premium pay of one-and-one-half times the regular rate of pay for all hours that they worked in excess of 40 per week.

20. Defendant violated the provisions of the FLSA, which resulted in damages to Plaintiffs in the form of unpaid wages, incurred and incurring costs, and reasonable attorneys' fees.

21. As a result of wage and overtime pay violations of the FLSA by Defendant, Plaintiffs have suffered damages in the form of unpaid wages to which they were lawfully entitled. In addition to payment of unpaid wages, because Defendant's FLSA violations were willful, Plaintiffs are entitled to an additional amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and/or prejudgment interest.

22. Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

23. Pursuant to 29 U.S.C § 216(b), attached to and filed with the instant Complaint as **EXHIBIT 2** are Consent to Become Party-Plaintiff forms signed by each of the named Plaintiffs.

24. There are numerous other similarly situated employees and former employees of Defendants who have also been denied wages in violation of the FLSA by Defendant. All those who are or were employed by Defendant as hourly-paid full and part-time "Merchandisers," "Master Merchandisers," and "Resetters" should receive court-supervised notice of the present lawsuit and be given the opportunity to join the present lawsuit as party plaintiffs.

WHEREFORE, premises considered, Plaintiffs, individually, and on behalf of all other similarly situated persons, pursuant to 29 U.S.C. § 216(b), pray for the following relief:

a. that the Court conditionally certify the class proposed by Plaintiffs and order that notice be issued to all similarly situated persons;

b. that all other similarly situated employees, past or present, be given the opportunity to join the instant lawsuit as party-plaintiffs by filing written consents pursuant to 29 U.S.C. § 216(b);

c. that Plaintiffs, and all others who file consents, be awarded damages in the amount of their unpaid wages, and an additional amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and/or prejudgment interest;

d. that Defendant be required to pay Plaintiffs' attorneys' fees;

e. that Defendant be required to pay the costs and expenses of this action; and,

f. that Plaintiffs be granted such other further relief to which they show themselves entitled.

           Respectfully submitted,

           PAUL, REICH, & MYERS, PC

           /s/ Richard P. Myers
       By:   Richard P. Myers, Esq.
           *Attorneys for Plaintiffs*

           RALPH A. POWELL ESQUIRE, PC.

           /s/ Ralph A. Powell
       By:   Ralph A. Powell, Esq.
           *Attorney for Plaintiffs*

Dated:  September 12, 2012

## CERTIFICATION OF SERVICE

I hereby certify that on September 12, 2012, I caused a copy of the foregoing Complaint, along with a summons for the Defendant, to be filed with the Clerk of Court for the Eastern District of Pennsylvania. I will cause the summons executed by the Clerk of Court and the Complaint to be personally served on the Defendant.

**/s/ Ralph A. Powell**
Ralph A. Powell, Esq.