IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI S. MOTT, VICTORIA BATES, CYNTHIA COTTEN, SUSAN GIBBS, SUSAN MOORE, and JUDY RATLIFF, on behalf of themselves and all others similarly situated,<br><br>                                  Plaintiffs,<br>v.<br><br>DRIVELINE RETAIL MERCHANDISING INC., a Corporation,<br><br>                                  Defendant. | CIVIL ACTION<br><br>No. 2:12-CV-05244 |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR
COLLECTIVE ACTION CERTIFICATION AND
<u>PRELIMINARY SETTLEMENT AGREEMENT APPROVAL</u>**

AND NOW, this _____ day of _____, 2020, upon consideration of Plaintiffs' Unopposed Motion for Collective Action Certification and Preliminary Settlement Agreement Approval, for settlement purposes only, the Court grants Plaintiffs' Motion and ORDERS as follows:

1. This Matter is preliminarily certified as a collective action under the <u>Fair Labor Standards Act</u> ("FLSA"), 29 U.S.C. § 216(b);

2. The Parties' Stipulation of Settlement and Release of Claims (the "Settlement Agreement") is preliminarily approved as a fair and reasonable resolution of a bona fide dispute over FLSA provisions that does not impermissibly impede implementation of the FLSA;

3. For settlement purposes only, the Settlement Classes shall be defined as follows:

"Settlement Class A" (1,047 Members)

All persons employed by Driveline from September 12, 2009 to August 28, 2014 who were paid for working more than one hundred twenty (120) hours while classified as a Merchandiser, Master Merchandiser or Master Merchandiser/Area Coordinator, and who executed a "Consent to Join" form that Class Counsel filed with the Court, and:

1) Were required to perform work on Driveline's behalf prior to visiting assigned locations and after visiting assigned locations each workday; *and/or*,

2) Were required to drive from one location to another on Driveline's behalf during a workday; *and,*

3) Were either deposed by Driveline; *and/or*,

4) Completed and returned the Class Member Questionnaire sent by Class Counsel to each member of the conditionally certified class.

"Settlement Class B" (94 Members)

All persons employed by Driveline from September 12, 2009 to August 28, 2014 who were paid for working more than one hundred twenty (120) hours while classified as a Merchandiser, Master Merchandiser or Master Merchandiser/Area Coordinator, and who executed a "Consent to Join" form that Class Counsel filed with the Court, and:

1) Were required to perform work on Driveline's behalf prior to visiting assigned locations and after visiting assigned locations each workday; *and/or*,

2) Were required to drive from one location to another on Driveline's behalf during a workday; *and,*

3) Were either deposed by Driveline; *and/or*,

4) Completed and returned the Class Member Questionnaire sent by Class Counsel to each member of the conditionally certified class; *and,*

5) Participated in and received a settlement award in the FLSA collective action lawsuit entitled *Roth v. Driveline Retail Merchandising, Inc. Case No. LACV053906*, *State of Iowa District Court*, or participated in and received a settlement award in the FLSA collective action lawsuit entitled *Parmalee v. Driveline Retail Merchandising, Inc., Case No. 14CEOG01131, State of California, County of Fresno*.

4. Plaintiffs Lori S. Mott, Cynthia Cotten, Susan Gibbs, Susan Moore, and Judy Ratliff are preliminarily approved as Representatives of the Settlement Class;

5. Paul, Reich & Myers, P.C. are preliminarily approved as Class Counsel;

6. The Angeion Group is preliminarily approved as Settlement Administrator, and the costs of settlement administration are preliminarily approved;

7. The Notice of Settlement and Release, the Release of Claims Form, and the Exclusion/Opt-Out Form, which are attached to Plaintiffs' Memorandum of Law as Exhibits 7, 8, and 9, are approved and shall be sent out pursuant to the terms of the Settlement Agreement;

8. On or before April 15, 2020, this Court will rule upon the unopposed motion for settlement approval. Should this Court grant the motion, the following schedule will apply:

   a. Within seven days (7) of the grant of the motion, or by April 22, 2020, whichever is earlier, Plaintiffs' counsel will provide the settlement administrator with contact information and settlement calculation formulas;

   b. Within fourteen (14) days of the completion of Paragraph 8a above, or by May 6, 2020, whichever is earlier, the settlement administrator will mail each class member the Notice of Settlement, and Release of Claims Form & Exclusion/Op-Out Form;

   c. Within 42 days of the completion of Paragraph 8b above, or by June 17, 2020, whichever is earlier, any class member who objects to the settlement shall file objections in writing, documents that the objector wishes to present and notice of intent to appear at the Final Approval Hearing;

   d. Within fourteen (14) days of the completion of Paragraph 8c above, or by July 1, 2020, whichever is earlier, Class Counsel shall provide

       Defendant's counsel all filed Releases, Exclusion/Opt-Out Forms and Objections;

    e. Within 28 days of the completion of Paragraph 8d above, or by July 29, 2020, whichever is earlier, Plaintiff's Counsel shall file the Motion for Final Settlement Approval together with a Motion for Approval of Costs and Attorney Fees;

9.    This Court will hold the Final Settlement Approval Hearing on or before September 2, 2020 at the U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106.[1]

                BY THE COURT:

                _____
                David R. Strawbridge
                United States Magistrate Judge

---

[1] Depending upon the circumstances surrounding the response to the coronavirus pandemic, the Court may make provisions for Objectors to attend the hearing by video conference.